Jamon R. Hicks, Esq. (SBN 232747)
Jamon@douglashickslaw.com
Rachel P. Jacobs (SBN 349947)
Rachel@douglashickslaw.com
Brennan L.G. Hughes, Esq, (SBN 349163)
Brennan@douglashickslaw.com
*DOUGLAS / HICKS LAW, APC*
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
Telephone: (323) 655-6505
Facsimile: (323) 927-1941

Counsel for Plaintiff,
YEAYO RUSSELL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEAYO RUSSELL, an individual and as Guardian Ad Litem for minor D.F.,<br><br>Plaintiff,<br>vs.<br><br>COUNTY OF LOS ANGELES, a public entity, and DOES 1-10 inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL**<br><br>1. Fourth Amendment – Excessive Force (42 U.S.C. § 1983)<br>2. Municipal Liability – Unconstitutional Custom, Practice or Policy (42 U.S.C. § 1983)<br>3. Municipal Liability – Failure to Properly Train (42 U.S.C. § 1983) |

# **COMPLAINT FOR DAMAGES**

1. Plaintiff, YEAYO RUSSELL (hereinafter as "MS. RUSSELL") and her minor son D.F. (collectively, the "PLAINTIFFS") complain of Defendants COUNTY OF LOS ANGELES ("COUNTY"), a public entity, and DOES 1-10 (collectively hereinafter as "DEFENDANTS"), inclusive, for damages and Demand for Jury Trial, and alleges as follows:

## **INTRODUCTION**

2. This civil rights action seeks compensatory damages against DEFENDANTS and punitive damages from DOES 1-10 (of these 10 DOES, certain officers were sheriff deputies that were present at the July 14, 2022 traffic stop and participated in causing PLAINTIFFS' injuries; those deputies will be hereinafter as "DOE DEPUTIES") for violating various rights under the United States Constitution in connection with the Deputies' unjustified assault and use of excessive force of MS. RUSSELL.

3. In fact, the violence that erupted that day was instigated and brought on by the Los Angeles County Sheriff's Department (hereinafter as "LASD") deputies who violently struck MS. RUSSELL in the face multiple times as she held her newborn baby in her arms. During this time PLAINTIFFS were not any threat of harm to anyone – not to police officers, bystanders, or anyone else.

4. At all times relevant DOE DEPUTIES were members of the LASD or other law enforcement agencies who were responding to COUNTY's request for mutual aid, and were duly authorized employees of COUNTY, acting under color of law, within the course and scope of their respective duties as LASD officers, and with the complete authority and ratification of COUNTY.

5. DOE DEPUTIES 1-5 are directly liable for PLAINTIFFS' injuries under federal law pursuant to 42 U.S.C. § 1983.

6. COUNTY and DOES 6-10 also proximately caused PLAINTIFFS' injuries and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

7. The policies and customs behind the use of excessive force and assaulting black women, such as PLAINTIFF RUSSELL, are fundamentally unconstitutional and constitute a menace of major proportions to the public.

8. Accordingly, PLAINTIFFS seek, by way of this action, to hold those responsible for the unjustified assault and use of force, accountable.

## PARTIES

9. At all relevant times, PLAINTIFF MS. RUSSELL, is a Black woman over the age of eighteen, and a resident of the County of Los Angeles, California. Her minor son D.F. was only weeks old at the time of this incident. At all times relevant, MS. RUSSELL, was pulled over by LASD when they attempted to remove the child from her custody. MS. RUSSELL was subsequently sucker-punched in the face multiple times causing her physical injuries, including, but not limited to, swelling, bruising, bleeding, and pain.

10. At all relevant times, Defendant, COUNTY OF LOS ANGELES, is and was a duly organized public entity, form unknown, existing under the laws of the State of California. LASD is a local government entity and an agent of the COUNTY, and all actions of the LASD are the legal responsibility of the COUNTY.

11. Furthermore, at all relevant times, COUNTY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LASD and its tactics, methods, practices, customs, and usages. At all relevant times, COUNTY was the employer of DOES 1-10 who were COUNTY police officers, police officers' supervisorial officers, and who were managerial supervisorial and policymaking employees of COUNTY LASD. On information and belief, at all relevant times, DOES 1-10 were residents of the County of Los Angeles, California.

12. At all times relevant, COUNTY was responsible for assuring that the actions, omissions, policies, practices, and customs of the LASD and its employees and agents complied with the laws of the United Sates and the State of California.

13. COUNTY is sued in its own right on the basis of its policies, customs, and practices that gave rise to PLAINTIFF's federal rights claims.

14. At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, COUNTY.

15. At all relevant times, DOE DEPUTIES were duly appointed officers and/or employees of agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

16. In doing the acts and failing and omitting to act as hereinafter described, DOE DEPUTIES were acting on the implied and actual permission of COUNTY.

17. At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

18. PLAINTIFFS are informed and believe and thereon allege that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10 (hereinafter as "DOES"), inclusive, and each of them, are not now known to PLAINTIFF who, therefore, sues Defendants by such fictitious names. PLAINTIFF will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

19. All DEFENDANTS who are natural persons, including DOES 1-10, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for COUNTY.

## JURISDICTION AND VENUE

20. Jurisdiction is conferred upon this Court by 28 U.S.C §§1331and 1334 1367 and arises under 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourth and Fourteenth Amendments of the United State Constitution.

21. Venue is proper in the Western Division of the Central District of California pursuant to 28 U.S.C. § 1391 because the events and conduct giving rise to PLAINTIFF's claims all occurred in Los Angeles County, in City of Palmdale.

## FACTS COMMON TO ALL COUNTS

22. PLAINTIFFS realleges each and every allegation above with the same force and effect as if fully set forth herein.

23. On or about July 14, 2022, PLAINTIFFS were passengers in a car when it was pulled over by DEFENDANTS. Prior to being stopped, MS. RUSSELL was breastfeeding her newborn child. Although the reason of the stop was a traffic infraction, DEFENDANTS began to harass and threaten all the passengers in the car. This included the DEFENDANTS making all of the passengers exit the vehicle.

24. DEFENDANTS moved MS. RUSSELL to the back of the patrol car. DEFENDANT DEPUTIES continued to harass MS. RUSSELL. DEFENDANTS threatened to take MS. RUSSELL'S newborn child away from her. In fear of losing her newborn child, MS. RUSSELL began to scream, cry and beg for the DEFENDANTS to allow her sister to take her newborn child away from the premises, as she was just minutes away from the location.

///

///

25. Despite MS. RUSSELL'S pleas, DEFENDANTS became more aggressive. At one point, DEFENDANT DOES 1 started aggressively grabbing and pulling PLAINTIFF D.F.'s leg. PLAINTIFF D.F. immediately began screaming and yelling. At this moment, MS. RUSSELL began yelling and shouted, "you will have to shoot me to take my baby!" Simultaneously, MS. RUSSELL saw DEFENDANT DEPUTY 2 put her hand over her gun in a threatening manner.

26. While MS. RUSSELL continued to hold and protect her newborn child, DEFENDANT DEPUTY 1 punched her two times in the face causing her great pain. While this ensued, PLAINTIFF D.F. began hanging upside down as DEFENDANT DEPUTY 1 pulled his leg. MS. RUSSELL started yelling "my baby's leg, my baby's leg," in fear that DEFENDANT DEPUTY 1 was going to break D.F.'s leg. She watched in horror as DEFENDANTS carried her newborn child away from her. The DEFENDANTS then prevented MS. RUSSELL'S sister from recording this horrific scene on her cellular device.

27. MS. RUSSELL was then arrested. While in the car to the police station, MS. RUSSELL began crying out and begging to see her newborn child. DEFENDANTS never reassured her where her newborn child was located. DEFENDANTS also denied MS. RUSSELL medical treatment, even after repeated requests. Subsequently, MS. RUSSELL spent more than four (4) days in jail.

28. As a direct and proximate result of Defendants' actions and omissions as set forth above, MS. RUSSELL sustained the following injuries and damages, past and future, among others:

    a. MS. RUSSELL suffered physical injuries requiring medical treatment, including, but not limited to, bruising hematomas, contusions, numbness, stiffness, swelling, skin discoloration, disorientation, headaches, and pain and discomfort.

    b. PLAINTIFFS suffered from their violation of their constitutional rights;

    c. Emotional trauma from separation from her newborn child;

    d. Medical expenses;

    e. Pain and suffering and emotional distress, including, but not limited to, trauma, grief, fright, anger, fear, nervousness around law enforcement officers, trepidation, shame and humiliation, difficulty sleeping, headaches, anxiety, nightmares and are unable to engage in typical day-to day activities as a result of fear of leaving their home;

    f. All damages, costs, and attorney's fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, and as otherwise allowed under California and United States statues, codes, and common law; and

    g. In any amounts according to proof and in excess of the minimum jurisdictional amount of this Court as well as for the use of money, pre and post judgment interest, and such other damages as deemed just and proper.

29. This incident was particularly traumatic for PLAINTIFFS, PLAINTIFFS still suffer from extreme emotional distress, anxiety, and feelings of helplessness.

## *MONELL* VIOLATIONS

30. PLAINTIFFS reallege each and every allegation above with the same force and effect as if fully set forth herein.

31. Based upon the principals set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), COUNTY is liable for all injuries sustained by PLAINTIFFS as set forth herein. COUNTY bears liability because its policies, practices and/or customs were a cause of PLAINTIFFS' injuries, and/or because COUNTY ratified the unlawful actions of its employees that caused PLAINTIFFS' injuries. COUNTY and its supervisory officials, maintained or permitted one or more of the following official policies, customs or practices which displayed reckless and deliberate indifference to the constitutional rights of persons such as PLAINTIFFS, and were a direct cause of PLAINTIFFS' damages:

a. By employing and retaining as police officers and other personnel, including DEFENDANTS DOE DEPUTIES and DOES 1-10, who Defendants COUNTY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by using excessive force, and for mistreating citizens by failing to follow written Police Department's policies of COUNTY, including the use of excessive force and reckless disregard for human life and safety;

b. By inadequately disciplining COUNTY police officers, and other personnel, including Defendants DOE DEPUTIES and DOES 1-10, who DEFENDANTS COUNTY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence, reckless disregard for human life and safety, and the use of excessive force.

c. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DOE OFFICERS, and DOES 1-10, who are COUNTY's employees and sheriff deputies;

d. The use of force during the July 14, 2022 arrest was ratified by COUNTY and LASD when it failed to discipline or retrain COUNTY sheriff deputies including DOE DEPUTIES and DOES 1-10, for their conduct; and

e. The above-mentioned ratification promoted the belief that they can violate the rights of persons, such as PLAINTIFFS, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

///

# FIRST CLAIM FOR RELIEF

## Fourth Amendment Unreasonable Search and Seizure – Excessive Force and Wrongful Arrest

## (42 U.S.C. § 1983)

### (By Plaintiffs against County of Los Angeles and Does 1-10)

32. PLAINTIFFS reallege each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

33. Defendants' conduct, described above, violated MS. RUSSELL's rights to be free from unreasonable and excessive or arbitrary force without reasonable or probable cause under the Fourth Amendment to the United States Constitution.

34. Defendants sucker punched MS. RUSSELL in the face while she was holding her newborn infant in her arms.

35. Defendants' conduct was excessive and unreasonable as MS. RUSSELL posed no immediate threat of death or serious bodily injury to any deputy or anyone at the time of the assault.

36. Further, DOE DEPUTIES and DOES 1-10, conduct of punching MS. RUSSELL in the face and other excessive use of force violated their training, and police officer standard training, as they acted indiscriminately and inconsistent with policies and procedures striking those who presented no imminent threat of harm to an officer or others, or who was not violently resisting arrest.

37. In violation of the Fourth Amendment, defendants used unreasonable and excessive force based on the potentially unlawful acts of others, not based on a determination of individual conduct justifying such force.

38. DOES 1-10, who are supervisors, are liable for their direct actions as supervisors which caused the deprivation of MS. RUSSELL's constitutional rights.

39. On information and belief, DOE DEPUTIES and other DOES 1-10 involved were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with MS. RUSSELL's injuries.

DOUGLAS / HICKS LAW, APC
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056

40. On information and belief, COUNTY failed to properly and adequately train DOE DEPUTIES and DOES 1-10, including but not limited to, with regard to the use of physical force, and less than lethal force on individuals peacefully protesting and/or members of the press documenting the protests.

41. Defendants COUNTY and DOES DEFENDANTS are liable pursuant to *Monell* because it maintained, condoned and/or permitted a policy, custom and/or practice of conscious disregard of and reckless indifference to Constitutional rights which was a moving force in the violation of MS. RUSSELL'S rights and/or because it ratified the unconstitutional conduct of its employees.

42. Defendants COUNTY and DOES DEFENDANTS were deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

43. The failure of COUNTY to provide adequate training caused the deprivation of PLAINTIFFS' rights by Defendants DOES 1-10; that is Defendants' failure to train is so closely related to the deprivation of PLAINTIFFS' rights as to be the moving force that caused the ultimate injury.

44. As a direct and proximate cause of Defendants' actions and omissions, as set forth above, Defendants are liable for PLAINTIFFS' injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations despite having the opportunity to intervene. As a result of their conduct, PLAINTIFFS suffered damages, including, but not limited to, extreme mental anguish and physical pain and suffering, loss of enjoyment of life, and those set forth in the paragraphs above, and other pecuniary losses not yet ascertained.

45. The aforementioned customs and practices of COUNTY were implemented and/or maintained with deliberate indifference to individuals' safety and rights.

///

///

46. Defendants COUNTY and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFFS, and other individuals similarly situation.

47. By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY and DOES 1-10 acted with an intentional, reckless, and callous disregard toward PLAINTIFFS, and of the constitutional as well as human rights of PLAINTIFFS. Defendants and each of them, actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

48. PLAINTIFFS are informed and believe and thereon allege that the acts of the DOE DEPUTIES and DOES 1-10; were willful, malicious, intentional, reckless and/or were performed in willful and conscious disregard of PLAINTIFFS' rights, justifying the awarding of punitive and exemplary damages against the individual Defendants in an amount to be determined at the time of trial.

49. Accordingly, DEFENDANTS are each liable to PLAINTIFFS for compensatory damages and individual Defendants are liable for punitive damages, under 42 U.S.C. § 1983. MS. RUSSELL seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

///
///
///
///
///

# THIRD CLAIM FOR RELIEF

## Municipal Liability for Unconstitutional Custom, Practice or Policy

## (42 U.S.C. § 1983)

### (By Plaintiffs against County of Los Angeles and Does 1-10)

50. PLAINTIFFS reallege each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

51. On and for some time prior to July 14, 2022 (and continuing to present date) Defendants deprived PLAINTIFFS of rights and liberties secured to her by the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFFS, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy and practice of those set forth in the paragraphs above, and:

   a. Employing and retaining as sheriff deputies and other personnel who, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written COUNTY Sheriff Department policies;

   b. Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY police officers, and other personnel, who COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

   c. By failing to adequately train officers, including DOES 1-10, and failing to institute appropriate policies, regarding the use of excessive force;

    d. By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, deployment of a weapon, which also is demonstrated by inadequate training regarding these subjects. These policies, customs, and practices were done with a deliberate indifference to individuals' safety and rights; and

    e. Of completely inadequately training COUNTY sheriff deputies and DOES 1-10, with respect to maintain civilized order during street protests.

52. By reason of the aforementioned policies and practices of COUNTY and DOES 1-10, PLAINTIFFS were severely injured and subjected to pain and suffering, and loss of enjoyment of life.

53. Defendants COUNTY and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFFS and other individuals similarly situated.

54. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY and DOES 1-10, acted with an intentional, reckless, and callous disregard for the constitutional rights of PLAINTIFFS Defendants COUNTY and DOES 1-10, actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

///
///
///

55. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by COUNTY and DOES 1-10, were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTIFFS.

53. By reason of the acts and omissions of Defendants COUNTY and DOES 1-10, PLAINTIFFS incurred damages, including but not limited to, medical expenses, loss of enjoyment of life and earning capacity.

54. By reason of the acts and omissions of COUNTY and DOES 1-10, PLAINTIFFS have suffered loss of love, companionship, affection, comfort, care, society, and future support.

55. Accordingly, Defendants COUNTY and DOES 1-10, each are liable to PLAINTIFFS for compensatory damages under 42 U.S.C. § 1983.

56. PLAINTIFFS also seek attorney fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Properly Train

### (42 U.S.C. § 1983)

### (By Plaintiffs against County of Los Angeles and Does 1-10)

57. PLAINTIFFS reallege each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

58. While acting under the color of state law and within the course and scope of their employment as police officers for COUNTY sheriff department, DOES 1-10 used a fists as a weapon, depriving PLAINTIFFS of their rights and liberties secured to her by the Fourth Amendment, including but not limited to freedom from excessive use of force.

59. The training policies of COUNTY sheriff department were not adequate to train its police officers, including but not limited to those set forth in the paragraphs above, and especially with regards to using physical force. As a result, COUNTY sheriff deputies, including DOES 1-10, are not able to handle the usual

and recurring situations with which they must deal, including contacting unarmed individuals. These inadequate training policies existed prior to the date of this incident and continue to this day.

60. COUNTY sheriff department was deliberately indifferent to the known or obvious consequences of its failure to train its deputies, including DOES 1-10, adequately with regards to using unnecessary, unreasonable and unlawful force. This inadequate training includes failing to teach deputies to give a verbal warning when feasible prior to using physical force.

61. COUNTY and DOES 1-10 knew that failure to implement some sort of training with regard to their deputies' dealing with unarmed suspects would result in continuing to have numerous unreasonable deputies involved excessive force claims involving unarmed individuals annually.

62. The failure of COUNTY sheriff department to provide adequate training with regards using physical force, caused the deprivation of the PLAINTIFFS' rights by DOES 1-10. Defendants' failure to train is so closely related to the deprivation of the PLAINTIFFS' rights as to be the moving force that caused the ultimate injury.

63. By failing to provide adequate training to COUNTY's sheriff deputies, including DOES 1-10, Defendants acted with an intentional, reckless, and callous disregard for PLAINTIFFS' constitutional rights. Defendants' actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

64. By reason of the aforementioned acts and omissions of Defendant DOES 1-10, PLAINTIFF RUSSELL was caused to incur medical expenses, loss of enjoyment of life earning capacity and other damages as will be proven at trial.

65. Accordingly, Defendants COUNTY and DOES 1-10, each are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

66. PLAINTIFFS seek statutory attorney fees under this claim.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFFS pray for judgment against Defendants and each of them, as follows:

1. For compensatory (or general) and non-economic damages, in an amount to be proven at trial;
2. For special damages according to proof;
3. For punitive damages allowed by law against the individual, non-government entity, Defendants in an amount to be proven at trial;
4. For equitable relief;
5. For prejudgment and post judgement interest as permitted by law;
6. For reasonable costs of this suit incurred herein
7. For attorneys' fees as allowed by law;
8. For civil penalties as allowed by law;
9. Costs of suit; and
10. For such further other relief as the Court may deem just, proper and appropriate.

Dated: July 24, 2023

          **DOUGLAS / HICKS LAW, APC**

        By:  */s/ Jamon R. Hicks*
           JAMON R. HICKS
           Attorneys for PLAINTIFFS

# DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury in this action.

Dated: July 24, 2023

*DOUGLAS / HICKS LAW, APC*


By: ___***/s/ Jamon R. Hicks***___
     JAMON R. HICKS
     Attorneys for PLAINTIFF,